1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYAM BURCHAM, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br>v.<br>WELCH FOODS, INC.,<br>　　　　　　Defendant.<br>_____<br>CONSOLIDATED WITH<br>_____<br>SEAN P. COURTNEY,<br>　　　　　　Plaintiff,<br>v.<br>WELCH FOODS, INC., et al.,<br>　　　　　　Defendants. | Case Nos. CV 09-05946 AHM (AGRx) consolidated with<br>SA CV 10-01427-AHM (AGRx)<br><br>PUTATIVE CLASS ACTION<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER**<br><br>Judge: Hon. A. Howard Matz |

ORDER RE: STIPULATION OF SETTLEMENT

WHEREAS:

A. Whereas, this action (the "*Burcham* Action") was filed on August 14, 2009, by plaintiff Maryam Burcham ("*Burcham*") on behalf of herself and a putative class of similarly-situated California purchasers of a juice product named Welch's 100% Juice White Grape Pomegranate flavored juice blend (the "WGP Product") made by defendant Welch Foods, Inc. ("Welch's");

B. Whereas on September 21, 2010, a complaint styled *Courtney v. Welch Foods, Inc.*, (the *"Courtney* Action") was filed in the Central District of California, Case No. SA CV-1427-JST, on behalf of plaintiff Seann P. Courtney ("Courtney") on behalf of herself and a putative nationwide class of similarly situated purchasers of the WGP Product;

C. Whereas, on September 29, 2010, a complaint was filed in the Circuit Court in and for Palm Beach County, Florida styled *Rojas v. Welch Foods, Inc.,* Case No. SO 2010 CA 024605(the "*Rojas* Action") on behalf of plaintiff Xavier Rojas and a putative nationwide class of similarly-situated purchasers of the WGP Product. The *Rojas* Action was timely removed to the United States District Court for the Southern District of Florida Case No. 10-81468-Dimitrouleas;

D. Whereas on October 4, 2010, the *Courtney* Action was transferred to the Hon. A. Howard Matz, United States District Judge, as a related case to the *Burcham* Action;

E. Whereas, on October 18, 2010, plaintiff Burcham filed an amended complaint in the *Burcham* Action to expand the putative class to a nationwide class of purchasers of the WGP Product and to add certain claims for relief asserted in the later-filed *Courtney* Action and *Rojas* Action;

F. Whereas on February 3, 2011, the Court entered an order consolidating for all purposes the *Burcham* Action and *Courtney* Action and appointing Weiss & Lurie as Interim Lead Counsel empowered, among other things, to negotiate and enter into a proposed Settlement on behalf of the putative class;

G. Whereas, on February 7, 2011, Burcham, on behalf of the proposed class, filed a stipulation of settlement and joint motion for preliminary approval of settlement;

H. Whereas, on February 10, 2011, the Court in the *Rojas* Action entered an order staying the case indefinitely pending the settlement in the consolidated *Burcham/Courtney* Action;

I. Whereas on March 7, 2011, the Court entered a minute order granting the joint motion for preliminary settlement approval;

J. Whereas, Welch's has caused to be served a notice of the proposed Settlement as required by the Class Action Fairness Act to each state's designated legal officer, pursuant to 28 U.S.C. § 1715(b); and

K. The Court having read and considered the Stipulation, including the accompanying exhibits, and finding that substantial and sufficient grounds exist for entering this Order.

IT IS HEREBY ORDERED:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Amended Stipulation of Settlement. Any inconsistencies between the Amended Stipulation and Notice of the Proposed Settlement of Class Action and Release will be controlled by the language of the Stipulation.

2. The Court reaffirms its March 7, 2011 minute order preliminarily approving the Settlement as reflected in the Amended Stipulation of Settlement, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3. The Court preliminarily establishes, for settlement purposes only, the following settlement class pursuant to Federal Rules of Civil Procedure 23(b)(3): all persons who purchased the WGP Product during the period from July 1, 2007 through the date of entry of judgment in this action. Excluded from the class are Welch's, officers and directors of Welch's and its parent, subsidiaries and affiliates, and the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded

from the class are the persons and entities who timely file a valid request for exclusion from the class.

4. The Court appoints Plaintiff Maryam Burcham as Lead Plaintiff and Weiss & Lurie as Class Counsel.

5. Prosecution by any Class Member of any action or claim that is subject to the release and dismissal contemplated by the Settlement is hereby enjoined.

NOTICE

6. Defendant shall cause notice to be provided to Class Members of the proposed Settlement, the hearing on the proposed Settlement, application by Plaintiffs' counsel for an award of attorneys' fees and payment of expenses as follows:

a. <u>Posting On Welch's Website</u>: Not later than March 14, 2011, Welch's will place on the front page of its primary corporate website (www.welchs.com) a button accompanied by substantially the following language:

> Welch's has entered into a proposed class action settlement concerning claims regarding the name and label of Welch's White Grape Pomegranate Flavored juice blend. For more information about the proposed Settlement, as well as hearings and court proceedings regarding the proposed Settlement, please click the button above to visit www.wgpomsettlement.com.

b. <u>Settlement Website</u>: Beginning not later than March 14, 2011 Welch's shall establish and maintain the Settlement Website (www.wgpomsettlement.com), which will remain active at least through December 31, 2011. A link to the Settlement Website shall be available on the front page of Welch's primary corporate website (www.welchs.com) during this same period. The Settlement Website shall:

1. inform Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed Settlement;

2. contain a short, plain statement of the background of the Litigation, the Class certification and the proposed Settlement;

3. describe the proposed Settlement relief;

4. explain the impact of the proposed Settlement on any existing litigation, arbitration or other proceeding; and

5. state that any relief to Class Members is contingent upon the Court's final approval of the proposed Settlement.

6. inform Class Members:

   (a) that they may exclude themselves from the Class by submitting a written exclusion request (which can be downloaded from the Settlement website) postmarked for receipt no later than June 10, 2011;

   (b) that any Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the proposed Settlement by filing and serving a written statement of objections along with proof of membership in the Class no later than June 10, 2011;

   (c) that any Class Member who has filed and served written objections to the proposed Settlement may, if he or she so requests, enter an appearance at the hearing on final approval of this Settlement either personally or through counsel;

   (d) that any Judgment entered in the Litigation, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members who have not been excluded from the Class, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant; and

   (e) of the terms of the release.

A copy of the Notice of the Proposed Settlement of the Class Action and Release is attached hereto as Exhibit 1.

c. <u>Coupon Notice Regarding Preliminary Approval</u>:  Welch's will also provide notice by means of an advertising insert in Sunday newspapers on Sunday, May 1, 2011 ("Notice Coupons") which will contain the following language adjacent to the coupon:

|    |    |
|----|----|
| 1  | The United States District Court for the Central District of |
| 2  | California has provisionally certified a class for settlement, and |
| 3  | has given preliminary approval to a settlement of claims |
| 4  | regarding the name and label of a former Welch's product, |
| 5  | Welch's 100% Juice White Grape Pomegranate flavored juice |
| 6  | blend.  For more information about the settlement, including the |
| 7  | date of a court hearing for final approval of the settlement, visit |
| 8  | www.wgpomsettlement.com.  This coupon is redeemable |
| 9  | immediately by all consumers even if you are not a member of |
| 10 | the class. |

11  This Notice Coupon shall be included as a free standing insert (an "FSI") in
12 several Sunday newspapers throughout the United States with a combined circulation of
13 at least 20 million.  The coupon itself will include a discount off Welch's products and
14 will be redeemable immediately by consumers regardless whether they are Class
15 Members and regardless whether the Settlement is finally approved or not.

16  The Notice Coupon will appear substantially in the form annexed hereto as
17 Exhibit 2.  A list of the newspapers in which the FSI containing the Notice Coupon will
18 run is annexed hereto as Exhibit 3.

19  d.  <u>Website Notice Regarding Final Settlement</u>:  Upon the final approval of the
20 Settlement in this action, Welch's will place on the front page of its primary corporate
21 website (www.welchs.com) a different button followed by substantially the following
22 language:

23  Welch's has entered into a settlement with a class of plaintiffs
24  over claims regarding the name and label of Welch's White
25  Grape Pomegranate Flavored juice blend.  Consumers covered
26  by the settlement may be eligible for cash refunds or other
27  benefits of the settlement.  For more information about the
28  settlement and eligibility requirements, please click the button

above to visit www.wgpomsettlement.com or call toll free 1-800-340-6870 weekdays between 9:00 a.m. and 4:00 p.m. Eastern.  Information on that website will explain the settlement and the benefits it provides, and also provide printable claim forms.

The www.wgpomsettlement.com website shall remain active until December 31, 2011.  Persons who visit the site will receive instructions and be able to print forms in order to establish eligibility as Authorized Refund Claimants and/or Authorized Replacement Claimants.

e.   <u>Coupon Notice Regarding Final Approval</u>:  If the Court grants final approval of the Settlement, then Welch's will provide notice by means of an advertising insert in Sunday newspapers not later than October 30, 2011 ("Settlement Coupons") which will contain substantially the following language adjacent to the coupon:

A final settlement has been approved by the United States District Court for the Central District of California in a class action lawsuit regarding Welch's 100% Juice White Grape Pomegranate flavored juice blend from concentrate.  Consumers covered by the settlement may be eligible for cash refunds or other benefits of the settlement.  For more information about the settlement and eligibility requirements, visit www.wgpomsettlement.com or call toll free 1-800-340-6870 weekdays between 9:00 a.m. and 4:00 p.m. Eastern.  The court orders and other documents posted on that website will explain the settlement and the benefits it provides, and will also provide printable claim forms.  The postmark deadline for the claim forms is December 31, 2011.  This coupon is redeemable immediately by all consumers even if you are not a member of the class.

This Settlement Coupon shall be included as an FSI in several Sunday newspapers throughout the United States with a combined circulation of at least 20 million. The coupon itself will include a discount off Welch's products and will be redeemable immediately by consumers regardless whether they are Class Members.

7. The Court approves the form of the website notices and the coupon notices and finds that the procedures established for dissemination of said notices substantially in the manner set forth in paragraph 4 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances.

<u>OBJECTION TO SETTLEMENT</u>

8. <u>Opt Out Form</u>: Class Members who wish to opt out of the Settlement will be able to download, print and return an Opt Out Form, substantially in the form of the Exhibit 4 annexed hereto, in order to be excluded from the Class. The Opt Out Form shall be found at www.wgpomsettlement.com. In order to be excluded from the Class, a consumer must complete and return the Opt Out Form to Lead Counsel, postmarked for receipt no later than June 10, 2011. Any consumer who completes and timely returns an Opt Out Form shall be ineligible to receive a cash refund or a replacement coupon; however, such consumers shall remain eligible to redeem the Notice Coupons as well as the Settlement Coupons.

9. Objections: Any Class Member wishing to object to or to oppose the approval of this Settlement, the Fee and Cost Application and/or Incentive Award Application, shall file a written objection (with a statement of reasons) with the Court and serve it on the parties at least by June 10, 2011. Any Class Member that fails to do so shall be foreclosed from making such objection or opposition, or to file an appeal relating to the approval of this Settlement.

<u>HEARING; RIGHT TO BE HEARD</u>

10. There shall be a hearing on June 27, 2011 at 10:00 a. m. (the "Settlement Hearing") at which time the Court shall address the fairness and adequacy of the Settlement and Lead Counsel's application for attorneys' fees and incentive award for the Lead Plaintiff. The Settlement Hearing shall be held at the United States District Court for the Central District of California, 312 N. Spring St., Courtroom 14, Los Angeles, CA 90012.

11. Papers in support of Lead Counsel's application for attorneys' fees shall be submitted by May 23, 2011.

12. Papers in support of the Settlement shall be submitted by June 20, 2011.

13. If approved, all Class Members will be bound by the proposed Settlement provided for in the Amended Stipulation of Settlement, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a claim form.

14. The Court expressly reserves the right to adjourn or continue the Settlement hearing or any adjournment or continuance thereof without further notice other than an announcement at the Settlement Hearing of any adjournment or continuance thereof, and to approve the Amended Stipulation of Settlement with modification and without further notice to Class Members. The Court retains jurisdiction of this action to consider all further applications arising out of or connected to the proposed Settlement and as otherwise warranted.

CLAIMS PROCESS

15. <u>Refund and Replacement Claims</u>: Class Members can participate in the Settlement as follows:

a. Persons who visit the www.wgpomsettlement.com website will be able to print a claim form substantially in the form attached as Exhibit 5. This form will instruct them of the steps necessary, and the documentation required, to establish eligibility as an Authorized Refund Claimant.

     b.    Persons who visit the www.wgpomsettlement.com website will receive instructions and be able to print forms in order to establish eligibility as an Authorized Replacement Claimant. The Authorized Replacement Claim form shall be substantially in the form of Exhibit 6.

     c.    Welch's will collect and process claim forms not less than bi-weekly. Class Members must submit claim forms postmarked no later than December 31, 2011, and such deadline shall be clearly communicated on the website and on the printable claim forms.

     d.    Welch's shall maintain records of claim forms received and processed until March 31, 2012.

     e.    Welch's shall provide notice to Lead Counsel and, if ordered, to the Court, of all product donations made to charitable organizations pursuant to this Settlement, and shall further provide reports on processing of claim forms as requested by Lead Counsel or ordered by the Court.

     f.    Welch's shall have the sole and exclusive obligation to provide notice of settlement to any governmental officers or agencies required to receive notice in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715 et seq.

16.    The Court shall retain continuing jurisdiction over the Settlement, as well as the administration thereof.

IT IS SO ORDERED:

Dated: March 14, 2011    By: _____
                                      Honorable A. Howard Matz
                                      United States District Judge