Jordan L. Lurie (130013)
jlurie@weisslurie.com
Zev B. Zysman (176805)
zzysman@weisslurie.com
Joel E. Elkins (256020)
jelkins@weisslurie.com
**WEISS & LURIE**
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Telephone: (310) 208-2800
Facsimile: (310) 209-2348

*Attorneys for Plaintiff and
The Settlement Class*

JS-6

FILED
CLERK, U.S. DISTRICT COURT
JUN 2 8 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYAM BURCHAM, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELCH FOODS, INC.,<br><br>Defendant.<br>―――――――――――――――<br>CONSOLIDATED WITH<br>―――――――――――――――<br>SEAN P. COURTNEY,<br><br>Plaintiff,<br><br>v.<br><br>WELCH FOODS, INC., et al.,<br><br>Defendants. | Case Nos. CV 09-05946 AHM (AGRx)<br><br>consolidated with<br><br>SA CV10-01427-AHM (AGRx)<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **ORDER AND FINAL JUDGMENT**<br><br>Date: June 27, 2011<br>Time: 10:00 a.m.<br>Ctrm: 14<br>Judge: Honorable A. Howard Matz |

Case 2:09-cv-05946-AHM-AGR Document 105-1 Filed 06/22/11 Page 2 of 7 Page ID #:1850

On this 27th day of June, 2011, a hearing having been held before this Court to determine: (i) whether the terms and conditions of the Stipulation of Settlement between Plaintiff, on behalf of herself and the class, and Welch Foods, Inc. ("Welch's"), dated March 10, 2011 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class members against Welch's and the Released Parties in the Litigation now pending before this Court under the above caption; and (ii) whether judgment should be entered dismissing the Litigation on the merits and with prejudice as to all Class Members who have not requested exclusion therefrom, and the Plaintiff and all Class Members shall be forever barred from bringing or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims against any of the Released Parties.

And it appearing that a notice of hearing substantially in the form approved by the Court was provided to all persons reasonably identifiable;

And the Court, having considered all matters submitted to it at the hearing and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Class Members against Welch's and the Released Parties;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class Members. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Amended Stipulation. Pursuant to Federal Rules of Civil procedure 23(b)(3), the Class consists of all persons who purchased Welch's 100% Juice White Grape Pomegranate flavored 3 Juice blend from concentrate with added ingredients (the "WGP Product") during the period from July 1, 2007 through the date of this judgment. Excluded from the Class are Welch's, officers and directors of Welch's and its parent, subsidiaries and affiliates, and the legal representatives, heirs,

Case 2:09-cv-05946-AHM-AGR Document 105-1 Filed 06/22/11 Page 3 of 7 Page ID #:1851

successors or assigns of any such excluded party. Also excluded from the Class are the persons and entities who timely file a valid request for exclusion from the Class.

2. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the class claims, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Lead Plaintiff and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority.

3. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement, and thus, hereby appoint Class Counsel as counsel to represent the Class Members.

4. The complaints in the above-captioned consolidated action, currently pending before this Court, are hereby dismissed without costs and with prejudice in full and final discharge of any and all claims or obligations that were or could have been asserted in the Litigation, as against Welch's and all Released Parties.

5. No persons submitted timely and valid requests for exclusions ("Opt-Outs").

6. The Court has received and considered the filed objection of plaintiffs Courtney and Rojas to the Settlement and hereby overrules the objection for the reasons set forth by the parties in their Responses to the objection. The Court has considered all objections filed up until the date of the fairness hearing, whether timely or untimely postmarked, and whether or not separately identified in the moving papers. The Court overrules all objections, finding that they do not alter the Court's finding that the Settlement Agreement is fair and reasonable.

7. "Released Claims" means any and all claims, actions and causes of action in law or equity, suits, obligations, debts, demands, agreements, promises,

2

Case 2:09-cv-05946-AHM-AGR Document 105-1 Filed 06/22/11 Page 4 of 7 Page ID #:1852

1 warranties, liabilities, controversies, damages, losses, attorneys' fees, costs or
2 expenses or any kind whatsoever, whether based on common law or on any federal
3 or state statute, rule, regulation, or other law or right of action, foreseen or
4 unforeseen, natural or unnatural, known or unknown, accrued or not accrued,
5 suspected or unsuspected, fixed or contingent, and whether or not concealed or
6 hidden, with the exception of claims for personal injury, that are based upon, or are
7 related to, arise from or are connected with the claims, or the factual bases for the
8 claims, asserted in the Litigation, or any facts, circumstances, statements,
9 omissions, events or other matters raised or referred to in the pleadings in the
10 Litigation which could have been raised against Welch's and any of the Released
11 Parties by the Lead Plaintiffs or any Class Member.

12     8.     "Released Parties" means Welch Foods, Inc.; its officers, directors,
13 employees, agents, assigns, as well as its retail, wholesale or club store distributors,
14 as well as the National Grape Cooperative, and its officers, directors, employees,
15 agents, assigns, and each of its member growers, and each of their respective
16 employees, agents or assigns.

17     9.     Class Members, the successors and assigns of any of them, and anyone
18 claiming through or on behalf of them, are hereby permanently enjoined and barred
19 from instituting, commencing or prosecuting, either directly or in any other
20 capacity, any Released Claim against any of the Released Parties.

21     10.     The Released Claims are hereby ordered as compromised, settled,
22 released, discharged and dismissed as to each of the Released Parties on the merits
23 and with prejudice by virtue of the proceedings herein and this Judgment.

24     11.     The Released Parties are hereby permanently enjoined and barred
25 from instituting, commencing or prosecuting, either directly or in any other
26 capacity, any claim arising from or out of the matters giving rise to the Litigation
27 against the Lead Plaintiff, Class Members or their attorneys.
28

Case 2:09-cv-05946-AHM-AGR Document 105-1 Filed 06/22/11 Page 5 of 7 Page ID #:1853

12. The Released Parties' claims, arising out of the matters giving rise to this Litigation, if any, against the Lead Plaintiff, Class Members or their attorneys, are hereby comprised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

13. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Complaint, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

    b. Offered or received in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing terminating or enforcing the Stipulation; or

    c. Construed as a concession or an admission that the Lead Plaintiff or the Class Members have suffered any damage; or

    d. Construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiff or the Class Members or any of them, that any of their claims are without merit.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

Case 2:09-cv-05946-AHM-AGR Document 105-1 Filed 06/22/11 Page 6 of 7 Page ID #:1854

15. The Court has considered the submissions by the parties and all other relevant factors involving the prosecution of claims on behalf of the Class. Class Counsel initiated the Litigation on behalf of the Lead Plaintiff and acted to protect the Class. Their efforts have produced the Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Class Counsel is entitled to reasonable attorneys' fees for their work, which the Court finds to be $639,867.94, and to recover $14,863.09 in expenses incurred in the Litigation. The Lead Plaintiff is entitled to an incentive award of $2,500.00.

16. The finality of this Judgment shall not be affected in any manner by rulings the Court may make on Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

17. The Court hereby finds that the notice described herein provided the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil Procedure 23, the requirements of due process, 28 U.S.C. Section 1715, and any other applicable law. Said notice was reasonably calculated to reach actual, potential and likely Class Members, and to direct them to resources informing them of the benefits of the Settlement, the right to exclude themselves from the Class, and the consequences of doing so or not doing so. There having been no timely Opt-Outs submitted, all Settlement Class Members are bound by this Judgment and are eligible to receive cash refund(s) or a replacement product coupon as provided to Class Members by the terms of the Stipulation but may not pursue their own individual remedies against Defendant relating to any of the Released Claims against any of the Released Parties.

18. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

Case 2:09-cv-05946-AHM-AGR Document 105-1 Filed 06/22/11 Page 7 of 7 Page ID #:1855

19. The Court finding that no reason exists for delay in ordering the final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

20. The parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of, the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the right of Class Members under the Stipulation.

21. Defined terms herein are used as defined in the Stipulation between Lead Plaintiff, on behalf of herself and the Class and Welch's.

22. In the event this Judgment does not become final, it shall be rendered null and void and shall be vacated.

Dated: June 27, 2011

_____
Honorable A. Howard Matz
United States District Judge

Respectfully submitted,

**WEISS & LURIE**
Jordan L. Lurie
Zev B. Zysman
Joel E. Elkins

_/s/ Jordan L. Lurie_____
Jordan L. Lurie

10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Telephone: (310) 208-2800
Facsimile: (310) 209-2348

*Attorneys for Plaintiff and
the Settlement Class*

6